25-1246
*In Re: CLST Enterprises, LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of March, two thousand twenty-six.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> ROBERT D. SACK,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*.

———————————————————————

IN RE: CLST ENTERPRISES, LLC,

> *Debtor*.

———————————————————————

CARL THOMSON,

> *Appellant*,

v.                                                      25-1246

KENNETH SILVERMAN,

> *Trustee-Appellee*.

———————————————————————

| | |
|---|---|
| For Appellant: | LUIS TRUJILLO (Ronald D. Weiss, *on the brief*), Ronald D. Weiss, P.C., Melville, NY. |
| For Trustee-Appellee: | Meghan Lavine, Rimôn, P.C., Jericho, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (Vyskocil, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Appellant Carl Thomson ("Thomson") appeals from an order of the United States District Court for the Southern District of New York (Vyskocil, *J.*), denying his application for emergency relief. Before the district court, Thomson sought a stay of bankruptcy court orders that (1) authorized the eviction of Thomson and his wife from 19 East 75th Street, New York, New York 10021 ("the property") to facilitate a sale of the property by Appellee Kenneth Silverman ("the trustee"); and (2) authorized the trustee to conduct an auction sale and approved specific terms, conditions, and procedures for the sale.

"[W]hen, during the pendency of an appeal, events occur that would prevent the appellate court from fashioning effective relief, the appeal should be dismissed as moot." *In re Chateaugay Corp.*, 988 F.2d 322, 325 (2d Cir. 1993). Here, subsequent events have eliminated any possibility of effective emergency relief with respect to the bankruptcy court orders Thomson sought to stay. As Thomson admits, he and his wife have voluntarily vacated the property. The auction sale took place on October 15, 2025, and the bankruptcy court entered an order confirming the sale on October 30, 2025. Thus, the orders Thomson sought to stay have taken effect. "Because this appeal thus seeks to enjoin the future occurrence of events that are already in the past, we lack appellate jurisdiction." *Knaust v. City of Kingston*, 157 F.3d 86, 88 (2d Cir. 1998).

Accordingly, we **DISMISS** the appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2